# IN THE COURT OF APPEALS OF IOWA

No. 19-1943
Filed July 22, 2020

IN RE THE MARRIAGE OF DAVID LESTER LUSK
AND DAWN RACHELLE LUSK

Upon the Petition of
DAVID LESTER LUSK,
    Petitioner-Appellant,

And Concerning
DAWN RACHELLE LUSK,
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Pottawattamie County, Kathleen A.

Kilnoski, Judge.


    David Lusk appeals the child support award and valuation of Dawn Lusk's

retirement account. **AFFIRMED.**



    Amanda Heims, Council Bluffs, for appellant.

    Joseph J. Hrvol of Joseph J. Hrvol, P.C., Council Bluffs, and Amy E.

Garreans of Garreans Law, LLC, Council Bluffs, for appellee.



    Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

David Lusk appeals the district court's calculation of child support and valuation of Dawn Lusk's retirement account. David argues the child support award is not appropriate considering the custody arrangement and assets were inequitably divided between the parties because of a miscalculation of Dawn's retirement account.

I. **Background Facts and Proceedings**

David and Dawn Lusk were married for twenty-one years. The parties share three children, one of whom has turned eighteen since the time of trial. The younger children, twins, were thirteen at the time of trial. Throughout the course of the proceedings, Dawn remained in possession of the family home. A temporary order specified a visitation arrangement that was not always followed but was not the root of problems between the parties.

At the time of trial, David had a retirement plan through his employer valued at $34,726.73. Dawn's 401k was valued at $9487.03 at the time of trial. The district court set David's annual income at $44,399.00. Dawn's income was set at $50,296.00 annually, earned from her employer and part-time self employment.

The district court ordered that the couple share joint legal custody of the children. The parties share physical care of one twin, alternating every other week. Dawn has physical care of the other twin and David has visitation every other weekend. No visitation was specified for the oldest child, who is also in Dawn's physical care. David was ordered to pay child support to Dawn in the amount of $672.00 per month from October 2019 to February 2020. The oldest child was no longer eligible for support beginning March 1, 2020, reducing David's child support

payments to $434.00 per month. The district court also ordered that each party's retirement account "be divided equally between the parties, with each party to receive half of the value of the other's account as of the date of entry of this decree." Each party was also required to pay their own legal fees.

David filed a post-trial motion to reopen the record or for new trial arguing, in part, the district court should recalculate child support and the value of Dawn's retirement account. In its ruling on the motion, the district court found Dawn spent $4000.00 from her 401k on attorney fees for the dissolution prior to trial. In response to David's argument, the district court ordered "that $2000.00 of the balance of Dawn's 401k shall be set aside to David. The remainder of Dawn's 401k shall be divided equally between the parties." The district court did not otherwise modify the value of Dawn's 401k and made no modification to its original child support calculation. David appeals.

## II.   Standard of Review

Dissolution proceedings are reviewed de novo. *In re Marriage of Larsen*, 912 N.W.2d 444, 448 (Iowa 2018). "We give weight to the fact findings of the trial court but are not bound by them." *Id.*

## III.   Discussion

### A.   Child Support

David argues the district court miscalculated the child support award in failing to reduce his annual income for extra duties performed in the past that he does not expect to earn in the future. Dawn argues the child support calculation is correct.

In calculating child support, Iowa courts use the Uniform Child Support Guidelines, which raise a rebuttable presumption "that the guidelines determine the correct amount of the monthly [child] support obligation." *Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005). "The guidelines establish the amount of child support largely by determining the net monthly income of each parent derived from their gross monthly income." *Id.* (quotations omitted). Income sources including "overtime income, incentive pay, and bonuses" may be included in the income calculation if "reasonably expected to be received in the future." *Id.* If the extra income is a one-time earning or the earning is not reasonably expected in the future, it may not be used to determine gross monthly income. *Id.* A recipient of extra income bears the burden to prove that it should be excluded. *Id.* at 20.

David submitted his 2018 income tax return showing he claimed $40,649.00 as wages and $3750.00 as additional income. Tax returns from 2016 and 2017 were also submitted to the court. Neither the 2016 nor the 2017 tax returns show David claimed any additional income. At trial, David testified the additional $3750.00 he earned in 2018 was for work done at his full-time job in addition to his regular duties. He said the additional work was not something done recurrently and that he had not performed the extra work since February of 2019. David also submitted paystubs from June, July, and August 2019. The 2019 paystubs show he worked overtime during each pay period. His year-to-date income as of the pay period ending July 20, 2019, was $23,858.24. The district court's child support award was based on David's 2018 income, including the $3750.00 he earned in additional income.

David's paystubs from the summer of 2019 show he consistently works overtime. Extrapolating annual pay from the paystubs further supports that the district court's findings were within the range of the evidence. Based on our de novo review of the record, we find no error in the district court's calculation of David's income. *Cf. In re Marriage of Keener*, 728 N.W.2d 188, 194 (Iowa 2007) ("A trial court's valuation will not be disturbed when it is within the range of evidence.").

B.     Retirement Account

David argues the district court miscalculated the value of Dawn's retirement account, resulting in an inequitable division of those funds. Dawn argues the district court's award of $2000.00 to David from her 401k following the motion to reopen the record was a proper valuation and equitable division of property.

"In dissolution-of-marriage cases, marital property is to be divided equitably," which "is not necessarily an equal division" of property. *In re Marriage of Hansen*, 733 N.W.2d 683, 702 (Iowa 2007). In general, divisible assets should be valued as of the date of a dissolution trial. *In re Marriage of Geist*, No. 15-0578, 2016 WL 3003637, at *4 (Iowa Ct. App. May 25, 2016). But, in some cases, flexibility is required to achieve an equitable distribution. *Id.* "A trial court's valuation will not be disturbed when it is within the range of permissible evidence." *Hansen*, 733 N.W.2d at 703. A property owner may testify to its value. *Id.* "Although our review is de novo, we ordinarily defer to the trial court when valuations are accompanied by supporting credibility findings or corroborating evidence." *Id.*

The district court ordered that both retirement accounts should be divided equally between the parties and ordered each party to pay their own attorney fees. The evidence shows Dawn's 401k contained deposits and credits totaling $17,594.03 by July 31, 2019. But, prior to July 31, Dawn took an $8107.00 distribution from her 401k. Dawn testified $4000 was used to pay legal fees for divorce proceedings and the rest was used to file individually for bankruptcy, repair and pay for the home, and pay half of the costs for the couple's oldest child to buy a car, leaving the balance in the 401k at $9487.03 as of July 31, 2019. The district court determined the value of Dawn's 401k to be $9487.00 at the time of trial. Following David's post-trial motion, the district court set aside $2000.00 of the value of the 401k at the time of trial for David, apparently to be an equitable distribution based on the $4000.00 Dawn spent on attorney fees. Otherwise, the court accepted the value of Dawn's 401k at the time of trial.

On our review of the record, we find the district court's acceptance of Dawn's 401k value as of the time of trial was "within the range of permissible evidence" and do not disturb it. *Id.*

## IV.  Conclusion

On our de novo review, we find the district court correctly determined the value of David's income and do not disturb the child support award. We also find the district court correctly assessed the value of Dawn's 401k.

**AFFIRMED.**